```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------X
RAMON FERNANDEZ,                   :
                                   :
              Petitioner,          :   05Civ.8514(MBM)
                                   :
     -against-                     :   OPINION AND ORDER
                                   :
UNITED STATES OF AMERICA,          :
                                   :
                                   :
              Respondent.          :
-----------------------------------X
```

APPEARANCES:

B. ALAN SEIDLER, ESQ.
(Attorney for Petitioner)
580 Broadway
Room 717
New York, NY 10012
(212) 334-3131

MICHAEL J. GARCIA, ESQ.
United States Attorney for the
Southern District of New York
Marissa Mole, Esq.
Assistant U.S. Attorney
One St. Andrew's Plaza
New York, NY 10007
(212) 637-2775

MICHAEL B. MUKASEY, U.S.D.J.

Ramon Fernandez pleaded guilty on June 30, 2000, to conspiring to distribute 150 kilograms or more of cocaine, pursuant to a plea agreement with the government wherein he agreed, inter alia, that the applicable range under the then-mandatory U.S. Sentencing Guidelines was 168 to 210 months, and was duly sentenced on January 16, 2001, principally to 168 months' imprisonment.  He took no appeal from the judgment entered against him.  On October 3, 2005, he filed the current petition pursuant to 28 U.S.C. § 2255 (2000) to set aside the judgment, claiming he failed to receive effective assistance from his lawyer in that his lawyer did not move for safety valve relief, and did not tell him that had he not allocuted to a particular drug weight during his plea the government would have had to prove that weight beyond a reasonable doubt, and suggests that his sentence violated United States v. Booker, 543 U.S. 220 (2005).  The petition is without merit for a variety of reasons, summarized below, and accordingly the requested relief is denied and the petition is dismissed.  No certificate of appealability will issue.

I.

As noted, Fernandez pleaded guilty pursuant to a plea agreement on June 30, 2000.  During his allocution, Fernandez

1

acknowledged that he had signed the plea agreement, reviewed it with his lawyer, and understood it. (6/30/00 Tr. 11) He acknowledged specifically his awareness that in agreeing to a sentencing range of 168 to 210 months, he could not appeal any sentence within that range. (Id. at 13-14) He acknowledged his understanding that if he went to trial the government would have to prove his guilt beyond a reasonable doubt (id. at 5) and that the indictment, which he had reviewed with his lawyer and understood, charged him specifically with conspiring to distribute five kilograms or more of cocaine (id. at 8).

The government's proffer included that it could prove the defendant "organized a distribution ring of cocaine in the New York area" (id. at 14), and the defendant himself conceded that he had hired people "To bring the drugs," which he acknowledged was cocaine (id. at 14-15). Although the Presentence Report recommended an enhancement for defendant's organizational role in the offense, the court sentenced him, following a hearing on January 16, 2001, to the low end of the range he had agreed to with the government, after he had expressed his remorse for violating the law and his gratitude to the court. (1/16/01 Tr. 19-20)

II.

The bases on which this petition is barred are so

2

numerous, it is hard to know where to begin.  First, it is time-barred, having been filed more than a year after Fernandez's conviction became final.  28 U.S.C. § 2255.  If no appeal is taken, a judgment becomes final when the time for filing a notice of appeal expires, which was ten days from the date the judgment was filed, February 2, 2001.  <u>Wims</u> v. <u>United States</u>, 225 F.3d 186, 188 (2d Cir. 2000); Fed. R. App. P. 4(b)(1)(A).  Accounting for an intervening weekend, that date was February 16, 2001.  Fernandez's time to petition ran on February 16, 2002; this petition was not filed until October 3, 2005.

Second, Fernandez took no appeal and has presented no reason external to himself for his failure to do so.  A § 2255 petition cannot be used as a substitute for appeal, <u>United States</u>, v. <u>Frady</u>, 456 U.S. 152, 165 (1982), and a petitioner who files a petition absent an appeal must show both cause external to himself for his failure to appeal, <u>see</u> <u>Coleman</u> v. <u>Thompson</u>, 501 U.S. 722, 753 (1991), attorney ignorance or inadvertence not constituting such cause, <u>id.</u>, and resulting prejudice -- <u>i.e.</u>, that but for the external cause the outcome would have been different.  <u>Frady</u>, 456 U.S. at 167.  Fernandez has made none of these showings.

Third, this is essentially a request for resentencing under <u>Booker</u> which is not retroactive to cases that were final when it was decided.  <u>See</u> <u>United States</u> v. <u>Guzman</u>, 404 F.3d 139,

143-44 (2d Cir. 2005).

Fourth, to the extent that the defendant suggests he was prejudiced by his lawyer's alleged failure to consider the implications of Apprendi v. New Jersey, 530 U.S. 466 (2000), which held that a sentence violated the Sixth Amendment when it was based on facts found by the court by a preponderance of the evidence that had the effect of raising the statutory maximum for the offense of conviction, he is simply incorrect. The statutory maximum for the offense to which he pleaded guilty was life imprisonment. At and even after the time Fernandez was sentenced, the governing law in this Circuit was that a sentencing judge had "authority to determine those facts relevant to selection of an appropriate sentence within the statutory maximum." United States v. Garcia, 240 F.3d 180, 183 (2d Cir. 2001). As Judge Rakoff wrote with respect to an identical claim, "[a] Nostradamus might have been able to predict that the Supreme Court would reach a contrary conclusion four years later; but for the rest of us mere mortals, there would have been no way to infer 'a reasonable probability that a higher court would rule in the defendant's favor.'" Schultz v. United States, No. 05 Civ. 246 (JSR), 2005 WL 1529698, at *1 (S.D.N.Y. June 28, 2005), quoting Bloomer v. United States, 162 F. 3d 187, 193 (2d Cir. 1998).

Fifth, to the extent Fernandez is suggesting some

4

incapacity in his lawyer for having failed to pursue these issues, it follows that because Fernandez has suffered no prejudice here, having failed to show that absent his attorney's alleged incapacity, he would have gone to trial. See Hill v. Lockhart, 474 U.S. 52, 59 (1985). Accordingly, his petition is barred on that ground as well.

Sixth, Booker provides no basis for defendants who signed plea agreements to withdraw their pleas simply because they or their lawyers did not anticipate a change in the law, such a change being among the risks of entering a guilty plea and waiving rights of appeal. See United States v. Morgan, 406 F.3d 135, 137 (2d Cir. 2005).

For all of the above reasons, Fernandez's petition is dismissed, and because reasonable jurists could not differ about the correctness of this result no certificate of appealability will issue.

SO ORDERED:

Michael B. Mukasey,
U.S. District Judge

Dated: New York, New York
August 14, 2006